16549

ROGER *ET AL.* v. HERRON *ET AL.*
(66 S. E. (2d) 873)

*Messrs. Bowen & Bryson* and *Williams & Henry,* of Greenville, *for Appellants,*

*Messrs. Hagood, Rivers & Young,* of Charleston, *for Respondent, The Citizens and Southern National Bank of South Carolina,*

October 1, 1951.

TAYLOR, Justice.

This case was begun in the Court of Common Pleas for Greenville County in August, 1949. It appears that one O. F. Klaren died testate May 17, 1935, leaving a will which was later admitted to probate in Charleston County, the substance of which was, in so far as this controversy is concerned, that the testator devised all of his property to his wife during the term of her natural life or until she should remarry. Upon the death or remarriage of the testator's wife, the will provided that all of the estate should become that of the testator's children, share and share alike, the children of a deceased child to take among themselves the share of the parent. The will further provided that, if the wife of the testator should die or remarry before the youngest living child should reach the age of twenty-one years, in such case the said children or the children of a deceased child should take title or possession of the income of the estate and that the *corpus* of the estate should not be divided until the youngest child should have reached the age of twenty-one years. The will made further provision that the Atlantic Savings Bank of Charleston should have charge of the *corpus* of the property until the youngest child should reach the age of twenty-one years or until the wife should remarry. Appellants (plaintiffs below) are the children of the Klarens; the defendants are their mother and The Citizens and Southern National Bank of South Carolina.

The complaint was duly served on Mrs. Klaren, who, since the testator's death, had become Mrs. Herron, and on The Citizens and Southern National Bank of South Carolina, which had been substituted as executor in lieu of the Atlantic Savings Bank of Charleston. Only the bank filed an answer.

The matter was referred to the Master for Greenville County who, after hearing testimony, submitted a report in

which he found among other things that Mrs. Klaren became the common law wife of G. T. Herron "some time prior to the institution of this suit * *` * the testimony indicates that they were married in June, 1940," that accordingly the children of O. F. Klaren are the owners of the property of O. F. Klaren under the will, heretofore referred to; that Mrs. Herron forfeited any right which she might otherwise have had to the estate of her deceased husband; and that the youngest Klaren child was fourteen years of age on February 17, 1949. In due course the report of the Master was confirmed by decree of Honorable G. Duncan Bellinger, then presiding in the Thirteenth Circuit, dated October 26, 1949.

Thereafter the plaintiffs in the original action and the appellants here, by petition in the case, sought to have the defendant, Citizens and Southern National Bank of South Carolina, pay over to the children of O. F. Klaren the income of the estate from June, 1940, the date which the Master's report and the affirming decree found that G. T. Herron and Mrs. Herron became husband and wife. In passing we mention that there were no exceptions filed to the Master's report and no appeal taken from the decree of Judge Bellinger. The petition came on to be heard before the Honorable J. Frank Eatmon, Presiding Judge in the Thirteenth Circuit. Judge Eatmon in an order dated December 23, 1950, found that the matter of the income from the estate prior to the remarriage of Mrs. Herron was not before him. as he interpreted the decree of Judge Bellinger and that there were no allegations in the pleadings which properly raised this issue.

The matter now comes to this Court upon appeal from Judge Eatmon's order on six exceptions which, however, counsel for appellants concede raise only two questions, the first of which is: Did His Honor err in dismissing appellants' petition on the ground that the issues sought to be raised are not within the purview of the pleadings? Conceding for the sake of argument that no such issue

was directly raised, we are nevertheless confronted with the fact that Judge Bellinger's order did hold that the children of O. F. Klaren were entitled to the income of the estate and, this being true, it is the judgment of this Court that a court has the inherent power, necessarily an adjunct to the effectiveness of its rulings, to enforce such findings and judgments issued by it.

The second question which appellants' counsel states to be in the case is whether or not Judge Eatmon erred in refusing to permit appellants to present testimony as to the income from said property for the period of time in question.

We think that this exception should be sustained. Obviously both this Court and the Trial Court are helpless in so far as this question is concerned unless some testimony is taken as to this particular issue.

It is accordingly ordered that this cause be remanded to the Court of Common Pleas for Greenville County and specifically to the Master of said County for the purpose of determining the amount of the estate's income and disbursements thereof from the time Mrs. Klaren became Mrs. Herron; to determine such amounts due appellants, if any, and the liability, if there be such, of the bank therefor. The appellants herein are hereby given the right to make and serve on respondent such amendments to their pleadings as they may be advised within the course of twenty (20) days next following the filing of the remittitur in this matter; the respondent, The Citizens and Southern National Bank of South Carolina, is hereby given twenty (20) days after the expiration of the twenty (20) days period given to appellants in which to make and serve on appellants such amendments to its pleadings as it may be advised, and the appellants are given a period of twenty (20) days after the expiration of the second period of twenty (20) days given to the respondent Bank in which to serve their reply to any new matter that may be set up in the pleadings of the respondent Bank.

Remanded.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

STUKES, J., did not participate.